1

2

3                                                          O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  ROBIN G. BRODIE,              )  Case No. CV 12-07690 DDP (AGRx)
                                  )
12                  Plaintiff,    )  ORDER GRANTING DEFENDANT'S MOTION
                                  )  TO DISMISS COMPLAINT
13        v.                      )
                                  )  [docket number 14]
14  BOARD OF TRUSTEES OF THE      )
    CALIFORNIA STATE UNIVERSITY   )
15  (California Polytechnic       )
    State University San Luis     )
16  Obispo, Performing Arts       )
    Center San Luis Obispo, a     )
17  Cal Poly facility), TERRI     )
    HOPSON,                       )
18                                )
                    Defendants.   )
19  _____)

20  **I. Background**

21        Plaintiff Robin G Brodie ("Plaintiff") has sued the Board of

22  Trustees of the California State University ("CSU") and Terri

23  Hopson ("Hopson").   She has sued CSU for sexual harassment under

24  42 U.S.C. § 1983 ("section 1983"), sex discrimination under section

25  1983, and sexual orientation discrimination under unidentified law.

26  (See generally Compl., Docket No. 1.)  Pursuant to section 1983,

27  she has sued Hobson for sexual harassment.

28  ///

1    Plaintiff worked at the Performing Arts Center San Luis
2  Obispo, which is a California Polytechnic State University facility
3  ("Cal Poly"). (Id. ¶ 5.)  Cal Poly is a California State
4  University, and Plaintiff was a CSU employee. (Id. ¶ 6.)   Hobson
5  was Plaintiff's colleague, and she allegedly repeatedly hugged,
6  stroked, and kissed Plaintiff, despite Plaintiff rebuffing her
7  approaches. (Id. ¶¶ 10-18.)  Plaintiff purportedly endured
8  Hobson's harassment for years, and her supervisor urged her on a
9  number of occasions not to report the problem to the
10  administration. (Id. ¶¶ 25-26.)  Plaintiff eventually reported the
11  harassment to the Human Resources Department, but the Human
12  Resources investigator advised her not to file a formal written
13  complaint. (Id. ¶¶ 29, 32.)  On September 8, 2010, "Hobson hugged
14  and kissed Plaintiff for the last time before she was put on
15  administrative leave," which Hobson never returned from.  (Id. ¶¶
16  34-35, 38.)  Plaintiff does not purport to have filed any
17  administrative complaints, and she admits that, "[i]t appears to be
18  true that Plaintiff filed neither a complaint with the EEOC nor a
19  complaint with FEHA." (Plaintiff's Response to Defendant's Motion
20  to Dismiss Under Rule 12(b) ("Opp'n") at 7:23-24, Docket No. 15.)

21    Presently before the court is CSU's Motion to Dismiss
22  Complaint ("Motion"). (Docket No. 14. )  CSU argues that the court
23  lacks subject matter jurisdiction over Plaintiff's claims against
24  CSU. (See generally Defendant's Memorandum of Points and
25  Authorities in Support of Motion to Dismiss Complaint, Docket No.
26  14.)  The court agrees.  Sovereign immunity under the Eleventh
27  Amendment shields CSU from Plaintiff's section 1983 claims.   The
28  court lacks subject matter jurisdiction to adjudicate Plaintiff's

1  sexual orientation discrimination claim, regardless of whether it
2  is brought under federal or state law.  If it is brought under
3  federal law, Title VII, Plaintiff has not exhausted administrative
4  remedies, and thus cannot file suit in a federal district court.
5  If it is brought under state law, Plaintiff has not attempted to
6  argue that supplemental jurisdiction is proper, and thus failed to
7  carry her burden to show that the court has subject matter
8  jurisdiction.

9  **II. Legal Standard**

10      Federal courts are courts of limited jurisdiction. <u>Kokkonen v.</u>
11  <u>Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994).  A
12  complaint must be dismissed if there is a "lack of jurisdiction
13  over the subject matter." Fed. R. Civ. P. 12(b)(1).  The plaintiff
14  bears the burden of demonstrating that subject matter jurisdiction
15  exists over the complaint when challenged under Rule 12(b)(1).
16  Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499
17  (9th Cir. 2001) (per curiam).  "'A plaintiff suing in a federal
18  court must show in his pleading, affirmatively and distinctly, the
19  existence of whatever is essential to federal jurisdiction, and, if
20  he does not do so, the court, on having the defect called to its
21  attention or on discovering the same, must dismiss the case, unless
22  the defect [can] be corrected by amendment.'" <u>Id.</u> (quoting <u>Smith v.</u>
23  <u>McCullough</u>, 270 U.S. 456, 459 (1926)).

24  **III. Analysis**

25      **A. Plaintiff's Section 1983 Claims**

26      The Eleventh Amendment provides: "The Judicial power of the
27  United States shall not be construed to extend to any suit in law
28  or equity, commenced or prosecuted against one of the United States

3

by Citizens of another State, or by Citizens or Subjects of any
Foreign State." U.S. Const. amend. XI.  The Supreme Court has
interpreted the Eleventh Amendment as preventing suits by an
individual against a state, whether or not the individual is a
resident of that state.  Seminole Tribe of Florida v. Florida, 517
U.S. 44, 54 (1996).  Sovereign immunity under the Eleventh
Amendment applies to § 1983 suits.  Quern v. Jordan, 440 U.S. 332,
345 (1979). Instrumentalities of the state also enjoy such
immunity, and CSU is an instrumentality of the state. Jackson v.
Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982).  Sovereign immunity,
therefore, protects CSU, and Plaintiff's § 1983 claims against CSU
fail as a result.  See id.

Plaintiff, however, claims that CSU can be liable on an
independent contractor theory.  Opp'n at 5:5-7:16, Docket No. 15).
Plaintiff's employer was CSU, but she worked at the Cohan Center,
which according to the Cohan Center's alleged operating agreement
is "governed under the tenets of an operating agreement among the
facility's partners— Cal Poly, the City of San Luis Obispo, and the
Foundation for the Performing Arts (FPAC)." (Id. at 5:24-6:4.0)
Allegedly, The operating agreement "is directed by a Commision,"
and "Cal Poly is a partner in the operating agreement, and . . .
the independent contractor of the Commission for the administration
of the Cohan Center."  (Id. at 6:1-4.)  Plaintiff asserts, and
requests discovery to prove, that Cal Poly is in her case an
independent contractor, which she claims would prohibit CSU from
claiming sovereign immunity. (Id. at 6:4-7:16.)  The court need
not determine whether Cal Poly was acting as an independent

4

1    contractor, though, because sovereign immunity shields it from

2    liability either way.

3         The Ninth Circuit has suggested that sometimes a state or

4    state instrumentality may be considered an independent contractor.

5    See Thorne v. United States, 479 F.2d 804, 807 (9th Cir. 1973).

6    However, nothing suggests that such a status abrogates sovereign

7    immunity.  The only case Plaintiff cites to the contrary is Thorne

8    v. United States.  Id.  That case, however, involved the Federal

9    Torts Claims Act, which, unlike section 1983 claims, "waive[s

10   sovereign] immunity to the extent of the provisions of the Act."

11   Id.  Sometimes being an independent contractor matters in the

12   sovereign immunity analysis of a section 1983 cases.  Those cases,

13   however, involve a non-state entity that was working for a state as

14   an independent contractor.  See e.g. Del Campo v. Kennedy, 517

15   F.3d 1070 (9th Cir. 2008) (finding that a private corporation that

16   ran a "bad check diversion program" for Santa Clara County's

17   District Attorney, who the court assumed to be working in a state

18   government capacity,  was an independent contractor, and did not

19   receive sovereign immunity protection).   The instant case is

20   different, because an instrumentality of the state is alleged to be

21   the independent contractor.

22        **B. Plaintiff's Sexual Orientation Claim**

23        CSU claims that the court lacks subject matter jurisdiction

24   over Plaintiff's third and final claim, sexual orientation

25   discrimination.  (Defendant CSU's Memorandum of Points and

26   Authorities in Support of Motion to Dismiss Complaint at 6:6-9:11,

27   Docket No 14-1.)  CSU correctly notes that it is ambiguous whether

28   this claim is brought under California's Fair Employment and

5

1  Housing Act ("FEHA") or Title VII.  (Id. at 6:9-12.)  If it is

2  brought under the former, CSU argues the lacks subject matter

3  jurisdiction if it dismisses the federal claims against CSU.  (Id.

4  at 8:12-9:11.)  If the claim is brought under the latter, it is

5  barred because Plaintiff has not exhausted her administrative

6  remedies.  (Id. at 6:15-8:11.)  Each will be discussed in turn.

7      Plaintiff has the burden of proving subject matter

8  jurisdiction.  Robinson v. United States, 586 F.3d 683, 685 (9th

9  Cir. 2009).  Plaintiff states that she "should be allowed to

10  proceed under" Title VII, but she is silent about any state law

11  claim.  (Opp'n at 7:21).  She extensively discusses CSU's argument

12  about exhausting administrative remedies under Title VII, but does

13  not discuss any state claims, nor does she address CSU's argument

14  that the court would be unable to exercise supplemental

15  jurisdiction over a state law claim, if her section 1983 claims

16  were dismissed.  (Opp'n at 7:19-9:27).  It is unclear whether

17  Plaintiff intended to plead a state law claim.  (See Compl. at ¶¶

18  56-65.  Because she bears the burden of proving subject matter, and

19  because neither her brief nor her complaint mention a state law

20  claim, the court dismisses this claim (if it was pled in the first

21  place) against CSU.  Should Plaintiff file an amended complaint

22  alleging a state law claim for sexual orientation discrimination,

23  supplemental jurisdiction would likely be appropriate, since

24  Plaintiff's section 1983 claim for sexual harassment against Hobson

25  has not been dismissed.  See 28 U.S.C. § 1367.[1]

26  _____

27      [1]Of course, Plaintiff should note that exhausting administrative remedies
   is required under FEHA.. Cal. Gov. Code § 12960; Blum v. Superior Court, 141

28  Cal. App. 4th 418, 422, 45 Cal. Rptr. 3d 902, 904 (2006) (quoting Medix
                                                          (continued...)

1   Plaintiff's brief indicates that she wishes to pursue a Title
2   VII claim for sexual orientation discrimination.  (Opp'n 7:21-22.)
3   "In order to bring a Title VII claim in district court, a plaintiff
4   must first exhaust her administrative remedies."  Sommatino v.
5   United States, 255 F.3d 704, 708 (9th Cir. 2001) (citing 42 U.S.C.
6   § 2000e-16(c)).  Although failure to file a "timely EEOC
7   administrative complaint with the EEOC is not a jurisdictional
8   prerequisite," the Ninth Circuit has held "that substantial
9   compliance with the presentment of discrimination complaints to an
10  appropriate administrative agency *is* a jurisdictional
11  prerequisite."  Id. at 708 (citing Zipes v. Trans World Airlines,
12  Inc., 455 U.S. 385, 393 (1982)).

13  Plaintiff admits that "it appears" she did not file an
14  administrative complaint.  (Opp'n at 7:23-24.)  She argues, though,
15  that this failure should be excused for two reasons.  First, she
16  argues that her failure to file an administrative complaint should
17  be excused, because she was unaware that such a filing was
18  required, and her supervisor and the Department of Human Resources
19  instructed her not to file a written complaint.  (Opp'n at 8:4-19.)
20  "Strict compliance with the filing period may be excused if the
21  plaintiff had neither official notice nor actual knowledge of the
22  filing period."  Thornhill v. Marsh, 866 F.2d 1182, 1184-85 (9th
23  Cir. 1989) (per curiam) (internal quotation marks omitted).
24  Equitable estoppel and equitable tolling are available for filing
25  with the appropriate administrative agency, but these "equitable

26  ────────────────

27  [1](...continued)
    Ambulance Service, Inc. v. Superior Court 97 Cal.App.4th 109, 116 (2002)).

28

7

1   remedies are unavailable" in district court when the plaintiff has

2   failed to make any administrative filing. <u>Sommatino</u>, 255 F.3d at

3   710.   The Ninth Circuit cases that Plaintiff relies on only

4   indicate that her excuse might justify permitting her to file a

5   late administrative complaint, not that she may be excused from

6   filing a complaint at all.   (Opp'n at 8:7-15); <u>Thornhill</u>, 866 F.2d

7   at 1184-85; <u>Cooper v. Bell</u>, 628 F.2d 1208, 1211-14 (9th Cir. 1980).

8   This court lacks subject matter jurisdiction over a Title VII

9   claim, because Plaintiff has not filed an administrative complaint.

10  <u>Sommatino</u>, 255 F.3d at 710-11; <u>See also Ross v. United States</u>

11  <u>Postal Service</u>, 696 F.2d 720, 722 (9th Cir.1983) ("When there is a

12  failure to exhaust because of lack of notice, the complainant may

13  still file an untimely charge and allow the agency to decide

14  whether the lack of notice excuses the untimeliness. In this way,

15  administrative remedies may still be exhausted.")

16       Second, she claims that complaining to her supervisor about

17  Hobson's actions meets the requirement that she exhaust all

18  administrative remedies.   (Opp'n at 8:20-9:27.)   Although some

19  courts have adopted Plaintiff's argument, <u>see</u> e.g. <u>Lloyd v. Chao</u>,

20  240 F.Supp.2d 1, 4 (D.D.C. 2002), the Ninth Circuit has rejected

21  it: "there is no basis in law to suggest that an employee's

22  complaints to her supervisors satisfy the requirement that the

23  aggrieved employee seek EEO counseling prior to filing a formal

24  complaint or suing in court.  <u>Johnson v. Henderson</u>, 314 F.3d 409,

25  415 (9th Cir. 2002).

26  ///

27  ///

28  ///

## IV. <u>Conclusion</u>

For the reasons discussed, Plaintiff's claims against CSU are dismissed without prejudice. Of course, her claim against Hobson remains.

IT IS SO ORDERED.

Dated: December 11, 2012

DEAN D. PREGERSON
United States District Judge