O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN G. BRODIE, | Case No. CV 12-07690 DDP (AGRx) |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT |
| v. | [docket number 14] |
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (California Polytechnic State University San Luis Obispo, Performing Arts Center San Luis Obispo, a Cal Poly facility), TERRI HOPSON, | |
| Defendants. | |

**I. Background**

Plaintiff Robin G Brodie ("Plaintiff") has sued the Board of Trustees of the California State University ("CSU") and Terri Hopson ("Hopson"). She has sued CSU for sexual harassment under 42 U.S.C. § 1983 ("section 1983"), sex discrimination under section 1983, and sexual orientation discrimination under unidentified law. (See generally Compl., Docket No. 1.) Pursuant to section 1983, she has sued Hobson for sexual harassment.

///

1     Plaintiff worked at the Performing Arts Center San Luis
2  Obispo, which is a California Polytechnic State University facility
3  ("Cal Poly"). (Id. ¶ 5.) Cal Poly is a California State
4  University, and Plaintiff was a CSU employee. (Id. ¶ 6.) Hobson
5  was Plaintiff's colleague, and she allegedly repeatedly hugged,
6  stroked, and kissed Plaintiff, despite Plaintiff rebuffing her
7  approaches. (Id. ¶¶ 10-18.) Plaintiff purportedly endured
8  Hobson's harassment for years, and her supervisor urged her on a
9  number of occasions not to report the problem to the
10 administration. (Id. ¶¶ 25-26.) Plaintiff eventually reported the
11 harassment to the Human Resources Department, but the Human
12 Resources investigator advised her not to file a formal written
13 complaint. (Id. ¶¶ 29, 32.) On September 8, 2010, "Hobson hugged
14 and kissed Plaintiff for the last time before she was put on
15 administrative leave," which Hobson never returned from. (Id. ¶¶
16 34-35, 38.) Plaintiff does not purport to have filed any
17 administrative complaints, and she admits that, "[i]t appears to be
18 true that Plaintiff filed neither a complaint with the EEOC nor a
19 complaint with FEHA." (Plaintiff's Response to Defendant's Motion
20 to Dismiss Under Rule 12(b) ("Opp'n") at 7:23-24, Docket No. 15.)
21     Presently before the court is CSU's Motion to Dismiss
22 Complaint ("Motion"). (Docket No. 14. ) CSU argues that the court
23 lacks subject matter jurisdiction over Plaintiff's claims against
24 CSU. (See generally Defendant's Memorandum of Points and
25 Authorities in Support of Motion to Dismiss Complaint, Docket No.
26 14.) The court agrees. Sovereign immunity under the Eleventh
27 Amendment shields CSU from Plaintiff's section 1983 claims. The
28 court lacks subject matter jurisdiction to adjudicate Plaintiff's

sexual orientation discrimination claim, regardless of whether it is brought under federal or state law. If it is brought under federal law, Title VII, Plaintiff has not exhausted administrative remedies, and thus cannot file suit in a federal district court. If it is brought under state law, Plaintiff has not attempted to argue that supplemental jurisdiction is proper, and thus failed to carry her burden to show that the court has subject matter jurisdiction.

## II. Legal Standard

Federal courts are courts of limited jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377 (1994). A complaint must be dismissed if there is a "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of demonstrating that subject matter jurisdiction exists over the complaint when challenged under Rule 12(b)(1). Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001) (per curiam). "'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be corrected by amendment.'" <u>Id.</u> (quoting <u>Smith v. McCullough</u>, 270 U.S. 456, 459 (1926)).

## III. Analysis

### A. Plaintiff's Section 1983 Claims

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States

3

by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Supreme Court has interpreted the Eleventh Amendment as preventing suits by an individual against a state, whether or not the individual is a resident of that state. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Sovereign immunity under the Eleventh Amendment applies to § 1983 suits. Quern v. Jordan, 440 U.S. 332, 345 (1979). Instrumentalities of the state also enjoy such immunity, and CSU is an instrumentality of the state. Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982).  Sovereign immunity, therefore, protects CSU, and Plaintiff's § 1983 claims against CSU fail as a result. See id.

Plaintiff, however, claims that CSU can be liable on an independent contractor theory. Opp'n at 5:5-7:16, Docket No. 15). Plaintiff's employer was CSU, but she worked at the Cohan Center, which according to the Cohan Center's alleged operating agreement is "governed under the tenets of an operating agreement among the facility's partners— Cal Poly, the City of San Luis Obispo, and the Foundation for the Performing Arts (FPAC)." (Id. at 5:24-6:4.0) Allegedly, The operating agreement "is directed by a Commision," and "Cal Poly is a partner in the operating agreement, and . . . the independent contractor of the Commission for the administration of the Cohan Center." (Id. at 6:1-4.) Plaintiff asserts, and requests discovery to prove, that Cal Poly is in her case an independent contractor, which she claims would prohibit CSU from claiming sovereign immunity. (Id. at 6:4-7:16.) The court need not determine whether Cal Poly was acting as an independent

4

contractor, though, because sovereign immunity shields it from liability either way.

The Ninth Circuit has suggested that sometimes a state or state instrumentality may be considered an independent contractor. See Thorne v. United States, 479 F.2d 804, 807 (9th Cir. 1973). However, nothing suggests that such a status abrogates sovereign immunity. The only case Plaintiff cites to the contrary is Thorne v. United States. Id. That case, however, involved the Federal Torts Claims Act, which, unlike section 1983 claims, "waive[s sovereign] immunity to the extent of the provisions of the Act." Id. Sometimes being an independent contractor matters in the sovereign immunity analysis of a section 1983 cases. Those cases, however, involve a non-state entity that was working for a state as an independent contractor. See e.g. Del Campo v. Kennedy, 517 F.3d 1070 (9th Cir. 2008) (finding that a private corporation that ran a "bad check diversion program" for Santa Clara County's District Attorney, who the court assumed to be working in a state government capacity, was an independent contractor, and did not receive sovereign immunity protection). The instant case is different, because an instrumentality of the state is alleged to be the independent contractor.

**B. Plaintiff's Sexual Orientation Claim**

CSU claims that the court lacks subject matter jurisdiction over Plaintiff's third and final claim, sexual orientation discrimination. (Defendant CSU's Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint at 6:6-9:11, Docket No 14-1.) CSU correctly notes that it is ambiguous whether this claim is brought under California's Fair Employment and

5

Housing Act ("FEHA") or Title VII. (Id. at 6:9-12.) If it is brought under the former, CSU argues the lacks subject matter jurisdiction if it dismisses the federal claims against CSU. (Id. at 8:12-9:11.) If the claim is brought under the latter, it is barred because Plaintiff has not exhausted her administrative remedies. (Id. at 6:15-8:11.) Each will be discussed in turn.

Plaintiff has the burden of proving subject matter jurisdiction. Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009). Plaintiff states that she "should be allowed to proceed under" Title VII, but she is silent about any state law claim. (Opp'n at 7:21). She extensively discusses CSU's argument about exhausting administrative remedies under Title VII, but does not discuss any state claims, nor does she address CSU's argument that the court would be unable to exercise supplemental jurisdiction over a state law claim, if her section 1983 claims were dismissed. (Opp'n at 7:19-9:27). It is unclear whether Plaintiff intended to plead a state law claim. (See Compl. at ¶¶ 56-65. Because she bears the burden of proving subject matter, and because neither her brief nor her complaint mention a state law claim, the court dismisses this claim (if it was pled in the first place) against CSU. Should Plaintiff file an amended complaint alleging a state law claim for sexual orientation discrimination, supplemental jurisdiction would likely be appropriate, since Plaintiff's section 1983 claim for sexual harassment against Hobson has not been dismissed. See 28 U.S.C. § 1367.[1]

---

[1] Of course, Plaintiff should note that exhausting administrative remedies is required under FEHA.. Cal. Gov. Code § 12960; Blum v. Superior Court, 141 Cal. App. 4th 418, 422, 45 Cal. Rptr. 3d 902, 904 (2006) (quoting Medix
(continued...)

Plaintiff's brief indicates that she wishes to pursue a Title VII claim for sexual orientation discrimination. (Opp'n 7:21-22.) "In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). Although failure to file a "timely EEOC administrative complaint with the EEOC is not a jurisdictional prerequisite," the Ninth Circuit has held "that substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency *is* a jurisdictional prerequisite." Id. at 708 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

Plaintiff admits that "it appears" she did not file an administrative complaint. (Opp'n at 7:23-24.) She argues, though, that this failure should be excused for two reasons. First, she argues that her failure to file an administrative complaint should be excused, because she was unaware that such a filing was required, and her supervisor and the Department of Human Resources instructed her not to file a written complaint. (Opp'n at 8:4-19.) "Strict compliance with the filing period may be excused if the plaintiff had neither official notice nor actual knowledge of the filing period." Thornhill v. Marsh, 866 F.2d 1182, 1184-85 (9th Cir. 1989) (per curiam) (internal quotation marks omitted). Equitable estoppel and equitable tolling are available for filing with the appropriate administrative agency, but these "equitable

---

[1](...continued)
Ambulance Service, Inc. v. Superior Court 97 Cal.App.4th 109, 116 (2002)).

7

1  remedies are unavailable" in district court when the plaintiff has
2  failed to make any administrative filing.  Sommatino, 255 F.3d at
3  710.  The Ninth Circuit cases that Plaintiff relies on only
4  indicate that her excuse might justify permitting her to file a
5  late administrative complaint, not that she may be excused from
6  filing a complaint at all. (Opp'n at 8:7-15); Thornhill, 866 F.2d
7  at 1184-85; Cooper v. Bell, 628 F.2d 1208, 1211-14 (9th Cir. 1980).
8  This court lacks subject matter jurisdiction over a Title VII
9  claim, because Plaintiff has not filed an administrative complaint.
10 Sommatino, 255 F.3d at 710-11;  See also Ross v. United States
11 Postal Service, 696 F.2d 720, 722 (9th Cir.1983) ("When there is a
12 failure to exhaust because of lack of notice, the complainant may
13 still file an untimely charge and allow the agency to decide
14 whether the lack of notice excuses the untimeliness. In this way,
15 administrative remedies may still be exhausted.")
16     Second, she claims that complaining to her supervisor about
17 Hobson's actions meets the requirement that she exhaust all
18 administrative remedies.   (Opp'n at 8:20-9:27.)   Although some
19 courts have adopted Plaintiff's argument, see e.g. Lloyd v. Chao,
20 240 F.Supp.2d 1, 4 (D.D.C. 2002), the Ninth Circuit has rejected
21 it: "there is no basis in law to suggest that an employee's
22 complaints to her supervisors satisfy the requirement that the
23 aggrieved employee seek EEO counseling prior to filing a formal
24 complaint or suing in court. Johnson v. Henderson, 314 F.3d 409,
25 415 (9th Cir. 2002).
26 ///
27 ///
28 ///

**IV. Conclusion**

    For the reasons discussed, Plaintiff's claims against CSU are dismissed without prejudice. Of course, her claim against Hobson remains.

IT IS SO ORDERED.

Dated: December 11, 2012

                                          DEAN D. PREGERSON
                                          United States District Judge