O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBIN G. BRODIE, | ) | Case No. CV 12-07690 DDP (AGRx) |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S MOTION |
| | ) | FOR LEAVE TO AMEND |
| v. | ) | |
| | ) | [Docket No. 24] |
| BOARD OF TRUSTEES OF THE | ) | |
| CALIFORNIA STATE UNIVERSITY, | ) | |
| TERRI HOPSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

**I. Background**

On September 7, 2013, Plaintiff Robin G. Brodie ("Plaintiff")
sued the Board of Trustees of the California State University
("CSU") and Terri Hopson.  (<u>See</u> <u>generally</u> Compl., Docket No. 1.)
On December 7, 2012, this Court dismissed CSU as a party.  (Docket
No. 18.)  On February 25, 2013, this Court issued a scheduling
order that stated July 15, 2013 was the "last day to join other
parties and to amend the pleadings."  (Docket No. 23 at 2.)  On
July 15, 2013, Plaintiff filed her Motion for Leave to File Amended
Complaint ("Motion").  (Docket No. 24.)

## II. **Legal Standard**

After a scheduling order has been entered, pursuant to Federal Rule of Civil Procedure 16, it can be modified only for "good cause." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. (internal quotation marks and citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

## III. **Analysis**

Defendants argue that Plaintiff's Motion should be denied because she failed to meet and confer before filing this Motion pursuant to Local Rule 7-3 and because she has not shown good cause. The Court disagrees.

Local Rule 7-3 states: "[C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." However, CSU does not argue that Plaintiff's violation of Rule 7-3 caused it prejudice. Because CSU "suffered no real prejudice . . . the court elects to consider the motion on the merits." Reed v. Sandstone Properties, L.P., No. CV 12-05021 MMM VBKX, 2013 WL 1344912 (C.D. Cal. Apr. 2, 2013).

1    Regarding the merits of Plaintiff's Motion, she has shown good
2    cause to amend the scheduling order.  Plaintiff's counsel's
3    declaration indicates that he did not timely file this Motion
4    because he is the primary caregiver of a family member who has
5    faced various serious health issues for the last several months.
6    (See generally Hagan Decl.)  Courts have found good cause when
7    long-term, serious health conditions impede a lawyer's ability to
8    timely file a motion.  See Armitage v. Apex Control Sys., Inc., No.
9    2:08-CV-45-WTL-WGH, 2010 WL 4318846 (S.D. Ind. Oct. 26, 2010).  The
10   result should be no different when the lawyer is the primary
11   caregiver to an ill loved one, instead of ill himself.  Although
12   the Court's leniency should not be taken as an open invitation by
13   Plaintiff to neglect deadlines, the Court notes that the current
14   scheduling order was filed at the onset of counsel's family
15   member's condition, when he was less likely to know the amount of
16   time he would need to allocate to caregiving in the long-term.  The
17   Court will expect promptness in the future.

18   Finally, CSU argues that granting the Motion would cause it
19   prejudice.  However, prejudice to CSU is not of primary importance
20   to the Court's decision under a Rule 16 analysis.  See Johnson, 975
21   F.2d 609.  Regardless, prejudice is generally seen as minimal if
22   the party opposing leave has sufficient time for discovery.  See
23   Polo v. Shwiff, 2013 U.S. Dist. LEXIS 60928, at *15-16.[1]  Here,
24   discovery remains open, and Plaintiff's reply brief indicates that
25   she would not oppose extending discovery for CSU.  (See Hagan Decl.
26   ¶ 28.)

27
_____

28   [1]Reopening discovery, by contrast, may be prejudicial.  See
Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000).

## IV. <u>Conclusion</u>

For the reasons stated herein, the Court GRANTS Plaintiff's Motion.  The Court notes that this Order only addresses good cause, not whether Plaintiff's new Complaint will survive a motion to dismiss.  Accordingly, the Court need not reach Plaintiff's tolling and administrative exhaustion arguments.

IT IS SO ORDERED.

Dated: August 27, 2013

DEAN D. PREGERSON

United States District Judge

4