O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN G. BRODIE, | Case No. CV 12-07690 DDP (AGRx) |
| Plaintiff, | ORDER GRANTING DEFENDANT CSU'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | |
| BOARD OF TRUSTEES OF THE CALIFORNIA STATE UNIVERSITY (California Polytechnic State University San Luis Obispo, Performing Arts Center San Luis Obispo, a Cal Poly facility), TERRI HOPSON, | [Dkt. No. 32] |
| Defendants. | |

Presently before the Court is Defendant California State University's ("CSU") Motion to Dismiss Plaintiff's First Amended Complaint (the"Motion"). For the reasons stated in this order, the Motion is GRANTED.

**I. Background**

The underlying facts giving rise to this action are set forth more fully in the Court's prior order dismissing the original complaint without prejudice. (See Docket No. 18.) The Court recites

here only those facts that are important to resolution of the instant motion.

Plaintiff Robin G. Brodie ("Plaintiff") brings this action against Defendants Board of Trustees of California State University ("CSU"), Plaintiff's employer, and Terri Hopson ("Hopson"), a CSU employee, alleging sexual harassment and sex discrimination against CSU under Title VII and sexual harassment and discrimination against Hopson under 42 U.S.C. § 1983. (First Amended Complaint ("FAC"), at 6-7.) Plaintiff's Title VII cause of action against CSU in her original complaint was dismissed without prejudice for failure to exhaust administrative remedies prior to filing the action. (Docket No. 18.) Plaintiff has now filed her First Amended Complaint. (Docket No. 30.)

The last alleged act of sexual harassment of Plaintiff by Hopson took place on September 8, 2010. (FAC ¶ 35.) At some unspecified point, Plaintiff reported the harassment to the Human Resources Department at CSU, who conducted an investigation into the matter. (Id. ¶¶ 30-34.) Plaintiff alleges that she was told by Human Resources that the issue was completely confidential and that she should not talk to anyone about her complaints. (Id. ¶¶ 34, 44.) On an unspecified date in 2011, Plaintiff learned that her allegations against Hopson were found by CSU to be true. (Id. ¶ 42.)

Though not included in Plaintiff's FAC, it is undisputed that Plaintiff met with an attorney, "Attorney K," sometime in late 2011 to discuss her case. (Opp. to Motion, Docket No. 33, at 1-2.) Plaintiff stated the following facts in her opposition to the prior motion to dismiss regarding her interaction with Attorney K:

2

> Near the end of 2011, Plaintiff went to see an attorney, who will be referred to as "Attorney K." Attorney K told her she would have to file something within two years. Attorney K mentioned that he would file something with FEHA. Plaintiff did not know what this was and it was not explained. At some later point Attorney K told the Plaintiff that he had missed the deadline for filing with FEHA. He advised her to try to file a late claim by herself, and to contact an attorney at FEHA to seek an exception to the time limits. He suggested that she tell the attorney at FEHA that Attorney K was at fault, but he refused to write a letter stating so. The attorney she spoke with at FEHA told her that Attorney K was supposed to fill out the complaint form. (It is not clear that Attorney K completely understands the process himself.)

(Docket No. 15, at 3-4.) Plaintiff also stated that "Attorney K mentioned FEHA without any further explanation" and that "she had no idea she was supposed to file ... a complaint [with DFEH or EEOC]." (Id. at 7-8.)

Plaintiff then contacted her current attorney in late August 2012, who assisted her in filing her original complaint in this action on September 7, 2012. (Docket No. 1.) Plaintiff's original complaint was dismissed against CSU without prejudice on December 11, 2012 for, among other reasons, failure to exhaust administrative remedies. (Docket No. 18.) Plaintiff then filed an admittedly late EEOC discrimination charge on January 18, 2013.

3

(Opp. to Motion, Docket No. 33, at 3.) That claim was denied on May 8, 2013, and Plaintiff received a Notice of Right to Sue. (Id.)

CSU now seeks to again dismiss Plaintiff's Title VII discrimination claim on the basis that she failed to timely exhaust her administrative remedies.[1] Plaintiff argues that equitable tolling and equitable estoppel should excuse her late EEOC filing because she did not have notice that she needed to file an administrative complaint and because CSU told her to keep the issue confidential.

**II. Legal Standard**

"In order to bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies." Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001) (citing 42 U.S.C. § 2000e-16(c)). Although failure to file a "timely EEOC administrative complaint with the EEOC is not a jurisdictional prerequisite," the Ninth Circuit has held "that substantial compliance with the presentment of discrimination complaints to an appropriate administrative agency is a jurisdictional prerequisite." Id. at 708 (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)).

However, the exhaustion requirement "is subject to waiver, estoppel, and equitable tolling." Zipes, 455 U.S. at 393. Late

---

[1] CSU actually frames their argument around judicial estoppel, arguing that Plaintiff's representations to this Court about her meeting with Attorney K should serve to estop Plaintiff from now arguing that she was ignorant of her legal obligations. However, the Court interprets CSU's underlying argument as failure to timely exhaust. The Court notes that Plaintiff cannot now take a position that is clearly inconsistent with her earlier allegations, and the Court's analysis as to whether equitable tolling and/or equitable estoppel is appropriate will take facts pled in Plaintiff's earlier papers into account.

4

filing of an EEOC complaint "may be excused if the plaintiff had neither official notice nor actual knowledge of the filing period." Thornhill v. Marsh, 866 F.2d 1182, 1184-85 (9th Cir. 1989); see also Cooper v. Bell, 628 F.2d 1208, 1211-14 (9th Cir. 1980).

**III. Discussion**

    A. CSU's Judicial Estoppel Argument

CSU argues that Plaintiff should be judicially estopped from arguing that she did not have notice of the exhaustion requirements in support of her argument that the deadline for filing her EEOC complaint should be equitably tolled. CSU argues that Plaintiff's statements regarding her meeting with Attorney K in late 2011 contradict her claim that she did not have notice of the EEOC filing requirements prior to her meeting with her current attorney in August 2012.

Courts consider three main factors in determining whether judicial estoppel can bar a litigant's position: (1) the party's position must be "clearly inconsistent" with its earlier position; (2) whether the party was successful in persuading the earlier court to accept its position; and (3) whether the party seeking to assert inconsistent positions would gain an unfair advantage if not estopped. New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001).

CSU argues that Plaintiff's claims regarding her meeting with Attorney K in 2011 are clearly inconsistent with her allegations that CSU intentionally misled her into believing that she did not have to file a complaint. (Motion, Docket No. 32-1, at 6-7.) CSU further argues that the facts pled regarding the meeting with Attorney K are clearly inconsistent with Plaintiff's contention

that she was unaware of her need to file an EEOC or DFEH complaint. (Id. at 7.)

The Court finds that the two positions are not "clearly inconsistent." As Plaintiff explains in her opposition to the Motion, her allegations regarding her meeting with Attorney K reflect that she emerged from that meeting with information that was incomplete and inaccurate regarding her obligation to file a claim with either DFEH or the EEOC. Therefore, Plaintiff's claim that she was not fully aware of the need to file an administrative complaint until she met with her current attorney is not inconsistent with the facts she alleged regarding her meeting with Attorney K. Furthermore, Plaintiff did not use the facts regarding her interactions with Attorney K to try to previously argue that she *did* have notice; in fact, she used them to try to argue that any notice she might have had was insufficient. As a result, the Court finds that the doctrine of judicial estoppel does not bar Plaintiff's argument that the deadline for filing an administrative complaint should be equitably tolled for lack of notice.[2]

B. <u>Plaintiff's Request for Equitable Tolling</u>

"The doctrine of equitable tolling focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." <u>Leong v. Potter</u>, 347 F.3d 1117, 1123 (9th Cir. 2003). A plaintiff is entitled to equitable tolling only if she shows (1) that she has been pursuing her rights diligently, and (2) that some

---

[2] The Court's analysis in this section is limited to whether the positions are "clearly inconsistent," and thus whether Plaintiff is precluded from even *arguing* that she is entitled to equitable tolling. The Court's analysis as to whether the meeting with Attorney K provided Plaintiff with sufficient notice to defeat a claim of equitable tolling is addressed separately.

extraordinary circumstance prevented timely filing. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). "This doctrine has been consistently applied to excuse a claimant's failure to comply with the time limitations where she had neither actual nor constructive notice of the filing period." <u>Leorna v. U.S. Dept. of State</u>, 105 F.3d 548, 551 (9th Cir. 1997). "However, once a claimant retains counsel, tolling ceases because she has 'gained the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements.'" <u>Id.</u> (quoting <u>Stallcop v. Kaiser Foundation Hospitals</u>, 820 F.2d 1044, 1050 (9th Cir. 1987)).

Plaintiff is clearly entitled to equitable tolling for the period prior to her consultation with Attorney K, as she alleges that she was not on notice that she was required to file an administrative complaint and CSU does not dispute this. (Reply to Mtn., Docket No. 34, at 4.) Plaintiff alleges that she was told by CSU not to discuss her case with anyone while they investigated her complaint. She also contends that CSU never informed her of her rights and obligations in filing an EEOC complaint. As a result, Plaintiff is excused for any delay in filing prior to "late 2011" when she met with Attorney K.

The closer question is whether Plaintiff is entitled to further tolling for the period between late 2011, when Plaintiff met with Attorney K, and January 18, 2013, when Plaintiff filed her EEOC complaint. Plaintiff admits that her EEOC complaint was filed well after the 180-day deadline for timely filing. (Opp. to Mtn., Docket No. 33, at 4-5.) However, Plaintiff argues that the time for filing with the EEOC should be tolled because she did not have notice of the filing period until she retained her current attorney

7

because Attorney K did not give her enough correct information for her to be on notice of the administrative filing requirements.

Plaintiff has not demonstrated that she was diligent in pursuing her rights to such an extent that she should be afforded the "extraordinary remedy" of equitable tolling. Despite the shortcomings of Attorney K's advice in Plaintiff's initial consultation and subsequent follow-up, Plaintiff was, at a minimum, on notice that she needed to file *something* with *some* agency in order to preserve her rights, which would prompt a reasonably diligent litigant to further investigate.[3] Further, Attorney K later told Plaintiff that she had missed the filing deadline, and Plaintiff herself contacted "FEHA" (presumably meaning DFEH) to figure out what she was supposed to do in order to pursue a late claim. These facts indicate that Plaintiff knew, at the latest by the date on which Plaintiff contacted DFEH to find out about filing a late complaint, that she needed to file something in order to preserve her rights. Further, any allegation of mere negligence on the part of Attorney K for not properly filing a DFEH complaint is not a sufficient basis for equitable tolling. Porter v. Ollison,

---

[3]The Court agrees with Plaintiff that the mere fact of consultation with an attorney, without more, may not be sufficient to impute notice in all circumstances. See, e.g., Thornhill v. Marsh, 866 F.2d 1182, 1184-85 (9th Cir. 1989) ("The circumstance that Thornhill consulted an attorney may be relevant evidence, but it is hardly conclusive."). For example, if Attorney K had told Plaintiff that there was no statute of limitations for her claims, the Court might be more inclined to agree that Plaintiff was not on any sort of notice. However, the facts Plaintiff alleged regarding her meeting with Attorney K demonstrate that she received information that would have prompted a diligent litigant to investigate further, putting her on notice that she might lose the right to file her claims if she delayed too long.

8

620 F.3d 952, 959 (9th Cir. 2010); Mendoza v. Lehigh Southwest Cement Co., 2012 WL 1534754, at *7 (N.D. Cal. 2012).

The exact dates on which the events involving Attorney K occurred are unclear. However, Plaintiff has not alleged sufficient facts to demonstrate that she was not on notice regarding her need to file an administrative complaint as of July 18, 2012, 180 days before Plaintiff filed her EEOC complaint. Nor is it clear that she diligently pursued her rights following her interactions with Attorney K and her inquiry directed at DFEH. Therefore, the Court finds that Plaintiff has not demonstrated that equitable tolling is proper under the circumstances.

### C. Plaintiff's Request for Equitable Estoppel

Equitable estoppel focuses primarily on a defendant's wrongful conduct in preventing a plaintiff from filing a complaint within the statute of limitations. O'Donnell v. Vencor Inc., 466 F.3d 1104, 1111 (9th Cir. 2006). Factors that courts consider when determining whether equitable estoppel is appropriate include: "(1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct, and (3) the extent to which the purposes of the limitations period have been satisfied." Santa Maria v. Pacific Bell, 202 F.3d 1170, 1176 (9th Cir. 2000) (rev'd on other grounds).

Plaintiff argues that CSU should be equitably estopped from arguing that she was required to exhaust her administrative remedies because CSU allegedly told Plaintiff that she needed to keep the issue confidential, preventing her from discussing the

9

issue with an attorney or finding out that she needed to file an administrative complaint. Plaintiff alleges in the FAC that she was advised as late as March 9, 2011 of the need to maintain confidentiality. (FAC ¶ 44.)

Considering the relevant factors for equitable estoppel, the Court is not convinced that it is appropriate here for the time period between the end of 2011 and January 2013. First, Plaintiff plainly did not continue to rely indefinitely on CSU's admonitions that she maintain confidentiality, as she consulted Attorney K near the end of 2011. Once she consulted Attorney K and learned that she might need to file something within a time limit, she can no longer claim to have reasonably relied on CSU's requests for confidentiality and that this was the reason why she did not timely file within the 180-day period following her meeting with Attorney K. Once Plaintiff stopped adhering to CSU's request for her to maintain confidentiality and met with Attorney K, she cannot contend that CSU should be estopped from ever asserting a statute of limitations defense, no matter how long she waited to file. See Vera v. McHugh, 622 F.3d 17, 30 (1st Cir. 2010) ("[S]ome courts have held that to invoke an estoppel as a shield against a statute of limitations defense, a plaintiff must show that she brought her action within a reasonable time after the facts giving rise to the estoppel have ceased to be operational." (internal quotation marks omitted)); Buttry v. Gen. Signal Corp., 68 F.3d 1488, 1494 (2d Cir. 1995).

It is also far from clear that CSU had an improper purpose in asking Plaintiff to maintain confidentiality. At the time, CSU was conducting internal investigations into the allegations and may

have intended only to dissuade Plaintiff from discussing the facts of the case or the investigation process with others in the workplace.[4] Plaintiff makes no allegation that CSU was purposely trying to prevent her from filing her administrative complaint. While CSU should have known that its insistence on confidentiality might dissuade Plaintiff from pursuing her claims, CSU did not actually succeed in convincing Plaintiff not to discuss her claims with anyone. Therefore, the Court finds that Plaintiff has not demonstrated that equitable estoppel is appropriate in this case.

**IV. Conclusion**

For the foregoing reasons, the Court GRANTS the Motion WITHOUT PREJUDICE. The Court allows Plaintiff leave to amend her complaint to allege additional facts that demonstrate that she is entitled to equitable tolling and/or equitable estoppel, in accordance with the Court's views as expressed in this order. Any amended complaint shall be filed by February 18, 2014.

IT IS SO ORDERED.

Dated: February 3, 2014

DEAN D. PREGERSON
United States District Judge

---

[4] Plaintiff also appears to argue that CSU should be estopped because CSU failed in its affirmative duty to inform her of her right to file an EEOC complaint. (Opp. to Mtn., Docket No. 33, at 5.) However, contrary to Plaintiff's assertions, CSU is under no affirmative obligation to inform Plaintiff of the administrative claims process. See Lehman v. U.S., 154 F.3d 1010, 1017 (9th Cir. 1998) ("[A]n omission to give advice is insufficient conduct to support equitable estoppel against the government.") The provision on which Plaintiff relies, 29 C.F.R. § 1604.11(f), details what an employer "should" do according to best practices, not what an employer "must" do.